**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**(UNDER SEAL), Defendant-Appellant.**

**No. 86–5601.**

United States Court of Appeals,
Fourth Circuit.

Argued July 14, 1986.

Decided Dec. 4, 1986.

Robert S. Bennett, Dunnells, Devall, Bennett & Porter, Washington, D.C., for defendant-appellant.

Theodore S. Greenberg, Asst. U.S. Atty., Alexandria, Va., for plaintiff-appellee.

Before WINTER, Chief Judge, and WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

Petitioner, an alien, appeals from a judgment that he is in civil contempt of court for declining to testify before a grand jury, after being immunized under domestic law, on the ground that he would incriminate himself under the laws of a foreign jurisdiction where a criminal proceeding against him is pending. Because we deemed this appeal largely governed by *United States v. (Under Seal)*, 794 F.2d 920 (4 Cir.1986), we stayed decision pending the action of the Supreme Court on a petition for certiorari to review our judgment in that case. Certiorari was denied in that case *sub. nom. Araneta v. United States*, — U.S. ——, 107 S.Ct. 331, 93 L.Ed.2d 303, (1986) and we proceed to decision in the instant case.

■ As a first argument, petitioner contends that *Under Seal* was wrongly decided, and we should reconsider our holding that the fifth amendment privilege against self-incrimination does not extend to incrimination in a foreign prosecution where there is a real and substantial danger of prosecution abroad. We do not doubt that there is a real and substantial danger of prosecution of petitioner in the country of his citizenship, but we are not persuaded of the incorrectness of our holding that, being immunized from prosecution in the United States, he does not have a fifth amendment privilege to decline to testify on the ground that his testimony may incriminate him in the foreign prosecution. We therefore decline to alter that holding.

In *Under Seal* we suggested that there may be an exception to the rule announced therein where it could be shown that the United States "inspired, instigated or controls the foreign prosecution", or where the United States "in compelling testimony under a grant of immunity, pursues no legitimate purpose of its own"; in short, where there is "American participation in a foreign prosecution, either actually, through a joint venture with foreign law enforcement officials, or constructively, by means of employing such individuals as agents", *id.* at 928. As a second major contention, petitioner argues that he made a sufficient prima facie showing that he may fall within this exception so that he was entitled to a hearing thereon and to discovery to develop his claim.

■ We reject the argument. All that petitioner was able to show in support of his claim was, first, a Mutual Legal Assistance Agreement between the United States and the foreign government to provide rather routine mutual cooperation in criminal investigations having international aspects with both parties,* and second, the fact that the subpoena to appear before the American grand jury required petitioner to produce certain documents relating to persons and corporations also identified in the court pleadings in the foreign prosecution.

---

* Such an agreement was not before us when we decided *Under Seal*, but such an agreement was brought to our attention in connection with a petition for rehearing which we denied.

We do not think that this is sufficient evidence of American participation in a foreign prosecution to warrant a further evidentiary investigation of the possibility. The fact is that petitioner was subpoenaed to testify in a grand jury investigation begun well before there was any thought that he would be amenable to its process and the investigation is unquestionably into matters in which the United states has a substantial and direct interest.

We note but do not decide a possible issue which may arise in the event that petitioner concludes not to purge himself of contempt by testifying, but rather to serve his commitment. Petitioner was sentenced to incarceration for the duration of the life of the grand jury which issued the subpoena and which was ready to hear his testimony. This was *not*, however, the grand jury conducting the investigation, and the former was organized later than the latter, with the result that the former had a longer life than the latter. There may therefore be a question if petitioner is committed whether, if he does not purge himself of contempt during the life of the grand jury conducting the investigation, he may be incarcerated beyond its life.

Because we are advised that the investigation of the grand jury into possible violations of the laws of the United States has been halted during the pendency of this appeal, we direct that the mandate issue ten days from the date of filing this opinion.

*Affirmed.*